UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA LEAVENWORTH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-00960 (VLB) |
| JOHN POTTER, POSTMASTER | : | |
| GENERAL, U.S. POSTAL SERVICE, | : | |
|     Defendant. | : | February 13, 2009 |

**MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #20]**

This is an action for damages brought by Lisa Leavenworth, a United States Postal Service ("USPS") employee, against John Potter, in his official capacity as Postmaster General of the USPS, for failure to promote her in violation of the Rehabilitation Act, 29 U.S.C. §§ 794, Title VII, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 634(b). Leavenworth, a 41-year-old obese woman of Hispanic and Cuban descent claims she was the victim of discrimination on the basis of her actual or perceived disability, race, ethnicity, gender, and age. Leavenworth also asserts that this failure to promote constituted a hostile work environment, as well as common law intentional infliction of emotional distress.

The Court has federal question jurisdiction over Leavenworth's statutory claims and supplemental jurisdiction over Leavenworth's state common law claim.

USPS has filed the within motion for summary judgment arguing that there are no disputed issues of material fact and that it is entitled to summary judgment as a matter of law. [Doc. #20] For the reasons hereinafter set forth, USPS's motion is GRANTED.

### Facts

Examination of the Local Rule 56(a)(1) statement and the response thereto yields the following undisputed material facts. Leavenworth is a USPS employee in the Connecticut District. On May 15, 2006, Leavenworth began acting as the manager of the Business Service Network ("BSN"), a unit of USPS. Thereafter, she applied to fill the position on a permanent basis. On September 15, 2006, Leavenworth's immediate supervisor, Tatiana Roy, informed her that she had been selected to fill the position. On September 22, 2006, Roy informed Leavenworth that Edward Phelan, the manager of the Connecticut District of USPS, had directed the manager of human resources, Anna Schubert, not to approve Leavenworth's promotion because it would violate USPS Handbook Rule EL-312, section 743.15 ("the 120-day rule"). Rule EL-312, section 743.15 reads, in relevant part:

> When a vacant non-bargaining position is filled by a higher-level temporary assignment (detail) pending selection of a person for permanent placement, an employee may be assigned to the position for a total of not more than 120 calendar days . . . An employee who has served in a vacant position for more than 120 days is ineligible for the placement in that position.

At the time she was selected, Leavenworth had served 122 days in an acting

capacity.

The position was eventually filled by Karen Kucharczyk, a 49-year-old white, non-Hispanic woman with no known disabilities. In 2006, Leavenworth was a 41-year-old woman who was clinically obese. Leavenworth was born in the United States, but her parents are of Cuban origin. Though she is of Spanish ancestry, Leavenworth's race was noted by the USPS in its internal files as "Hispanic." Leavenworth has brought suit alleging illegal discrimination leading to a failure to promote her to the position of manager of BSN in a permanent capacity.

## Discussion

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69. "[T]he burden on the moving party may be discharged by 'showing'—that is pointing out to the district

court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002). "If the party moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

### Discrimination Claims

USPS argues that it is entitled to summary judgment on all of Leavenworth's discrimination claims because she has not made a prima facie case of discrimination, and there was a valid, non-pretextual reason for Leavenworth to not be promoted.

To establish a claim of discriminatory treatment under Title VII, the ADEA, and the Rehabilitation Act, a plaintiff must first make out a prima facie case by establishing: 1) she was within a protected group, 2) she was qualified for the position, 3) she suffered an adverse employment action, and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003).

The burden of establishing a prima facie case is minimal. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993) (prima facie case satisfied by plaintiff showing that he was within a protected class, was terminated, and was replaced by individual outside of protected class).

It is undisputed that Leavenworth fell into three protected groups by virtue of her ethnicity, her age, and gender. It is undisputed that she was qualified for the promotion.  It is undisputed that the failure to promote her was an adverse employment action.  The parties dispute whether she was disabled, or perceived to be so by the defendant's agents, and the parties dispute whether Leavenworth has any evidence leading to an inference of discriminatory intent.

USPS argues that there is no evidence that it discriminated against Leavenworth on the basis of her age or gender because Leavenworth was replaced by a person in the same protected age group and of the same gender.

Kucharczyk, who ultimately filled the position of manager of BSN, was older than Leavenworth at the time she was promoted. While the promotion of someone within the same class is not conclusive of non-discriminatory intent, it is probative.  See O'Connor v. Consolidated Coin Caterer's Corp., 517 U.S. 308 (1996).  However, there is no evidence that Kucharczyk's age or gender relative to Leavenworth's age or gender was considered in promoting Kucharczyk to the position Leavenworth had applied for. Moreover, there is no factual basis for Leavenworth's claim of age and gender discrimination other than the fact of her age and gender. Therefore, the Court concludes that Leavenworth was not discriminated against on the basis of her age or gender.

USPS argues that the mere coincidence that the managerial position ultimately went to a less-qualified individual outside of Leavenworth's race, ethnicity, and actual or perceived disability is not sufficient to lend an inference

of discriminatory intent and complete a prima facie case of discrimination under Terry v. Ashcroft, 336 F.3d at 137. However, the Court shall apply the more lenient analysis suggested by St. Mary's Honor Center, 509 U.S. 502, as even if the Court concludes that Leavenworth has made a prima facie case of discrimination on the basis of her race/ethnicity and her actual or perceived disability, further analysis shows that Leavenworth cannot sustain her burden of proof.

One a plaintiff has made a prima facie case of discrimination, the Court turns the burden-shifting framework established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). "That framework requires a plaintiff in a disability-discrimination case to establish a prima facie case of discrimination, after which the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action in question.  Once the defendant provides such a reason, the plaintiff shoulders the burden of showing sufficient potential proof for a reasonable jury to find the proffered legitimate reason merely a pretext for discrimination." Ferraro v. Kellwood Co., 440 F.3d 96, 100 (2d Cir. 2006).

The parties agree that the 120-day rule represents a legitimate, nondiscriminatory reason for failing to promote her. However, Leavenworth argues that its application to her was merely a pretext for discrimination, as other employees were promoted in violation of the rule.

Leavenworth argues that because two other employees not in her protected classes were promoted to positions in which they had served in an

acting capacity for more than 120 days, and she was not, she has shown a nexus between the adverse employment action and the defendant's discriminatory intent. She also argues that Phelan's failure to speak to her at a networking event constitutes evidence of discriminatory intent.

"A showing of disparate treatment [is] a common and especially effective method of establishing the inference of discriminatory intent." Abdu-Brisson v. Delta Airlines, Inc., 239 F.3d 459, 468 (2d Cir. 2001). The two white, non-disabled employees Leavenworth points to as similarly situated to her were promoted in 2005 despite serving for more than 120 days in an acting capacity. However, these individuals are not actually similarly situated to Leavenworth. Those individuals were supervised by other managers. The individuals who supervised Leavenworth were not only different, but the unrefuted evidence is that Phelan and Schubert, who supervised Leavenworth, had always complied with the 120-day rule since assuming their present positions and had denied promotions to two other individuals on the basis of that rule. Leavenworth is therefore not similarly situated in all material respects to the persons she compares herself to. McGuinness v. Lincoln Hall, 263 F.3d 49, 53 (2d Cir. 2001). Therefore, Leavenworth has not established disparate treatment to show discriminatory intent. See Shumway v. United Parcel Service, 118 F.3d 60, 64 (2d Cir. 1997) (female employee not similarly situated to male coworkers supervised by different individuals). It may be that Phelan and Schubert's predecessors ignored the 120-day rule, however, the evidence shows that Phelan and Schubert always

applied the rule and made no exceptions. Leavenworth has no evidence that would tend to show that Phelan and Schubert commenced application of this rule in order to discriminate. On the contrary, the unrefuted evidence is that both Schubert and Phelan believed that they had no choice but to apply the 120-day rule because of a memo sent from the USPS headquarters.

Leavenworth argues that Phelan and Schubert should have made an exception to the 120-day rule for her. There is a disputed issue of fact as to whether Roy applied for a waiver on Leavenworth's behalf, and if so, whether Leavenworth was eligible for a waiver, but as Phelan and Schubert have not extended any waivers since taking their positions, Leavenworth has no evidence that their failure to do so, if a waiver was available, was based on a discriminatory motive.

Leavenworth acknowledges that she never overheard derogatory remarks about women, older people, Cubans, persons of Hispanic race, or obese people. She bases her belief that she suffered discriminatory treatment merely on the assumption that no other factor could have motivated the defendant to deny her a promotion. When asked why she thought that she had been discriminated against because of her obesity, she testified, "I'm not sure. I'm qualified. I have extensive knowledge. I have more experience than a lot of people that have been promoted for a lot of jobs that I put in for, and I wonder what could it be then. If it's not my experience, not my knowledge, not my capabilities, what else could it be?" [Doc. #20, Ex. A at 29] When asked why she thought she was discriminated against

because of her ethnicity, she answered, "Like I said earlier, I don't know what- I certainly have my qualifications and experience and my knowledge. It can't be because of my inability to do the job as far as my experience. I have to wonder what it could be." [Doc. #20, Ex. A at 41] However, neither the Court nor a rational jury may assume that employers are motivated by animus without evidence of such; employers may act irrationally or arbitrarily without any discriminatory motive. However, in this case, the only evidence either party has presented shows that the reason for Leavenworth did not receive the promotion was the 120-day rule, and Phelan and Schubert's adherence to it.

Leavenworth also offers her testimony that Phelan ignored her at a USPS networking event as evidence of Phelan's discriminatory intent. Leavenworth testified that Phelan did not speak to her although he spoke to other managers at the same event. However, Leavenworth did not approach Phelan to speak to him.

This is not sufficient evidence to support a jury verdict for Leavenworth, as Leavenworth has not testified that the other managers were not members of her protected class, or similarly situated to her as far as their expected interactions with Phelan. Therefore, in the absence of sufficient evidence to support a jury verdict for Leavenworth, the motion for summary judgment must be granted. <u>Burt Rigid Box</u>, 302 F.3d at 91.

Because the Court concludes that Leavenworth has presented no evidence leading to an inference of discriminatory intent, it need not reach the question of whether Leavenworth's clinical obesity constituted an actual or perceived

disability, and summary judgment must be granted on Leavenworth's discrimination claims.

## Hostile Work Environment

Leavenworth argues that the defendant's failure to promote her constitutes a hostile work environment in violation of Title VII. A plaintiff asserting a claim for a hostile work environment must demonstrate: 1) that the conduct is objectively severe or pervasive and/or creates an environment that a reasonable person would find hostile or abusive, 2) creates an environment that the plaintiff subjectively perceives as hostile or abusive, and 3) creates such an environment because of the plaintiff's protected classification. Gregory v. Daly, 243 F.3d 687, 691-92 (2d Cir. 2001). The Court found supra that there was no evidence of discrimination. Leavenworth has not provided evidence of any occasion on which her gender or her ethnicity were even mentioned by any of the people alleged to have created a hostile work environment. Therefore, summary judgment must be granted on Leavenworth's hostile work environment claim because there is no evidence of action on the basis of Leavenworth's protected classifications.

## Intentional Infliction of Emotional Distress

USPS argues that Leavenworth has failed to sustain a claim for intentional infliction of emotional distress. Leavenworth responds that the defendant's failure to promote her three times is a sufficient basis to sustain her claim. Leavenworth's amended complaint alleges only two instances where she failed to gain a promotion, and it appears that the third occasion arose after the filing of

her amended complaint. Therefore, the Court will consider only the two occasions mentioned in the amended complaint. See Mauro v. Southern New England Telecommunications, Inc., 208 F.3d 384, 386 n.1 (2d Cir. 2000).

To prevail on a claim of intentional infliction of emotional distress, a plaintiff must show: 1) that the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his or her conduct, 2) that the conduct was extreme and outrageous, 3) that the defendant's conduct was the cause of the plaintiff's distress, and 4) that the emotional distress sustained by the plaintiff was severe. Petyan v. Ellis, 200 Conn. 243, 253 (Conn. 1986) *superseded by statute on other grounds as recognized in* Chadha v. Charlotte Hungerford Hosp., 865 A.2d 1163 (Conn. 2005). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." Appleton v. Bd. of Educ. of Town of Stonington, 254 Conn. 205, 757 A.2d 1059 (Conn. 2000). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 210-11, 757 A.2d 1059 (citing 1 Restatement (Second) of Torts § 46, Comment (d) (1965)).

In White v. Martin, 23 F. Supp. 2d 203, 208 (D. Conn. 1998), the court found that discrimination, discipline, failure to promote, and isolated harassment were not egregious conduct, nor behavior beyond "all possible bounds of decency."

**The failure to promote Leavenworth to two different jobs for which she was qualified was perhaps unfortunate, but not outrageous. Reasonable minds could not differ on this point. Leavenworth has offered no case with even remotely similar facts to sustain her claim. Therefore, summary judgment must be granted on her claim for intentional infliction of emotional distress.**

**For the reasons stated above, USPS's motion for summary judgment [Doc. # 20] is GRANTED in its entirety. The Clerk is directed to CLOSE this case.**

                                          **IT IS SO ORDERED.**

                                    _____/s/_____
                                            **Vanessa L. Bryant**
                                    **United States District Judge**

**Dated at Hartford, Connecticut:  February 13, 2009.**